NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180599-U

NO. 4-18-0599

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 10, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| LEAVELL ALLEN, | ) | No. 14CF314 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court affirmed, concluding the trial court properly dismissed
defendant's *pro se* postconviction petition at the first stage of postconviction
proceedings.

¶ 2   In March 2015, a jury found defendant, Leavell Allen, guilty of armed violence

(720 ILCS 5/33A-2(a) (West 2014)), being an armed habitual criminal (720 ILCS 5/24-1.7(a)

(West 2014)), and manufacturing or delivering a controlled substance (720 ILCS 570/401(c)(2)

(West 2014)).  The trial court sentenced defendant to 30 years' imprisonment for each of the

three counts, to be served concurrently.

¶ 3   On direct appeal, defendant argued, in relevant part, that the trial court failed to

conduct an adequate inquiry into his claim of ineffective assistance of trial counsel pursuant to

*People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984).  In September 2017, this court

affirmed his convictions and sentence on direct appeal. *People v. Allen*, 2017 IL App (4th) 150408-U.

¶ 4        In July 2018, defendant filed a *pro se* postconviction petition alleging, in relevant part, that the trial court erred in failing to conduct an adequate inquiry into his ineffective assistance of trial counsel claim that during his private conversation with trial counsel, counsel told him he would only have to serve 50% of his sentence, instead of 85% of his sentence, and as a result, he did not accept the State's plea offer. In August 2018, the court summarily dismissed defendant's *pro se* petition as frivolous and patently without merit.

¶ 5        On appeal, defendant argues his *pro se* postconviction petition should be advanced to second-stage proceedings because he stated the gist of a constitutional claim that his trial counsel was ineffective for erroneously advising him that he would have to serve 50% of his sentence if convicted of any of the charged offenses, when he would actually have to serve 85% of his sentence, and that as a result of his counsel's erroneous advice, he did not accept the State's plea offer. We affirm.

¶ 6                                I. BACKGROUND

¶ 7                           A. Trial Court Proceedings

¶ 8        In March 2014, the State charged defendant by information with armed violence (720 ILCS 5/33A-2(a) (West 2014)), being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2014)), and manufacturing or delivering a controlled substance (720 ILCS 570/401(c)(2) (West 2014)). Prior to jury selection, the trial court confirmed with defendant that he understood the potential sentencing ranges for the charged offenses. The trial judge then stated that he "[did not] want to know what the communication was," but asked the prosecutor if he had made an offer to defense counsel to resolve the case. The prosecutor and defense counsel confirmed an

- 2 -

offer was made but provided no details as to the terms of that offer. Defense counsel informed the trial judge that he discussed the offer with defendant, defendant had time to review and consider the offer, and that they stood ready for trial.

¶ 9 The case proceeded to a March 2015 jury trial. At trial, the parties stipulated that as of the date of the charged offenses, defendant had two prior felony convictions enumerated in the armed habitual criminal statute. After hearing all the evidence, the jury found defendant guilty of all three counts of the information. In May 2015, the trial court sentenced defendant to 30 years' imprisonment on each count, with the sentences to run concurrently.

¶ 10 On May 11, 2015, defendant filed a *pro se* motion entitled "Motion for Ineffective Assistance of Counsel." In the motion, defendant alleged, in relevant part, "After sentencing[,] I found out that I would be serving 85% of my time. Dan C. Jackson told me before trial that all counts carried 50%[,] not 85%." "That would make a big difference in my time to be served." The trial court never held a hearing on defendant's *pro se* "Motion for Ineffective Assistance of Counsel." Instead, in an order entered on May 15, 2015, the trial court "dismissed" the *pro se* motion. For two reasons, the court found the motion to be "frivolous" and "patently without merit." In regard to the second reason, the trial court stated,

> "The defendant also claims the Armed Violence conviction is one that requires the defendant to serve 85% of his sentence. This only occurs if the Armed Violence charge is a category I or II weapon and 'that the conduct leading to conviction *** resulted in great bodily harm to the victim.' The facts in this case do not support this section."

¶ 11    On direct appeal, defendant argued, in relevant part, that the trial court failed to conduct an adequate *Krankel* inquiry into his claim of ineffective assistance of trial counsel, a claim he raised in his *pro se* posttrial motion. Defendant alleged his trial counsel was ineffective for advising him he would receive day-for-day good-conduct credit, rather than serve 85% of his sentence. In September 2017, this court affirmed defendant's convictions and sentence on direct appeal. *People v. Allen*, 2017 IL App (4th) 150408-U. The majority of the court concluded the trial court conducted an adequate inquiry merely by reading the *pro se* motion in light of the record and statutory law. *Allen*, 2017 IL App (4th) 150408-U, ¶ 5.

¶ 12    Subsequently, defendant filed a petition for rehearing. In October 2017, this court modified its Rule 23 order upon denial of rehearing. In the modified order, the majority recognized that "the only theory that defendant could build around that alleged erroneous advice would be a theory of ineffective assistance in plea negotiations. And, indeed, in his petition for rehearing, he argues: 'The practical harm [defendant] suffered was that he was denied a *Krankel* review of an ineffectiveness claim that, if true, would have resulted in him receiving erroneous legal advice during the plea negotiation process.' " *Id.* ¶ 70. However, the majority pointed out that defendant did not mention plea negotiations in his *pro se* motion. *Id.* ¶ 71. The majority went on to note the trial court only has a duty to examine the factual basis of the claim that defendant actually raised in his *pro se* posttrial motion, not some other claim unmentioned in the motion. *Id.* Therefore, the majority found the trial court performed an adequate preliminary inquiry pursuant to *Krankel* and denied the petition for rehearing. *Id.* ¶ 72.

¶ 13                        B. Postconviction Proceedings

¶ 14    On July 26, 2018, defendant filed a *pro se* postconviction petition raising several claims, including that the trial court erred in failing to conduct an adequate inquiry into his

- 4 -

ineffective assistance of counsel claim that during his private conversation with trial counsel, counsel told him he would only have to serve 50% of his sentence, instead of 85% of his sentence, and as a result, he did not accept the State's plea offer. Specifically, defendant stated,

"The presiding judge abused his discretion when he failed to adequately investigate [p]etitioner's claim of ineffective assistance of counsel regarding his attorney's providing of misinformation regarding the percentage of any sentence he would serve. Petitioner's claim refered [*sic*] to private conversations had with his attorney outside the judge's presence (see exhibit). When the court made its decision to deny [p]etitioner's request for a *Krankel* hearing the judge based his decision on his observations of counsel within the courtroom. However, counsel's in-court performance cannot automatically be taken to reflect his performance outside the court, in private communications with [p]etitioner."

¶ 15    In support of his claim, defendant attached an affidavit to his *pro se* petition. In his affidavit, defendant stated,

"From my arraignment on through all other court proceedings up to sentencing I was not made aware that 85% of the sentence of any of the three counts against [me] would have to be served if I was found guilty. Had I known I was facing 85% on any of the charges against me, I might have taken the plea bargain. This issue was brought up in direct appeal."

Defendant argued that, "Due to the nature of [the] trial court's inquiry, I was deprived of the opportunity to flesh out my claim related to [c]ounsel's allegedly erroneous advice about how I would serve my sentence."

¶ 16         On August 2, 2018, the trial court summarily dismissed defendant's *pro se* postconviction petition in a written order. The court found that defendant's petition was frivolous and patently without merit. Specifically, the court stated,

> "In [defendant's postconviction petition] he alleges errors,
> either by the [c]ourt or by his counsel, that led to his conviction.
> Each and every issue raised in his petition was addressed by the
> Appellate Court, 2017 IL App (3th) [*sic*] 150408. As set forth in
> *People v. Simms*, 192 Ill. 2[n]d 348, any issue decided on direct
> appeal is *res judicata* and may not be raised in a post-conviction
> petition."

¶ 17         This appeal followed.

¶ 18                              II. ANALYSIS

¶ 19         On appeal, defendant argues his *pro se* postconviction petition should be advanced to second-stage proceedings because he stated the gist of a constitutional claim that his trial counsel was ineffective for erroneously advising him that he would have to serve 50% of his sentence if convicted of any of the charged offenses, when he would actually have to serve 85% of his sentence, and that as a result of his counsel's erroneous advice, he did not accept the State's plea offer. The State argues the trial court properly dismissed defendant's postconviction petition at the first stage of proceedings where defendant's postconviction petition was barred by *res judicata* or forfeiture. For the following reasons, we affirm.

¶ 20        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a means by which a defendant may challenge his conviction for violations of federal and state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). "A postconviction proceeding is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings." *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The defendant must establish a substantial deprivation of federal or state constitutional rights to be entitled to postconviction relief. *Id.*

¶ 21        The Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. Here, defendant's petition was dismissed at the first stage. At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). "[A] *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable basis in law or fact if the claims are based on an indisputably meritless legal theory or fanciful factual allegations. *Id.* at 16.

¶ 22        At the first stage, the Act does not permit any further pleadings from the defendant or any responsive pleadings from the State. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Instead, the trial court considers the petition independently, without any input from either side. *Id.* "To survive dismissal at this stage, a petition need only present a gist of a constitutional claim." *Id.* (citing *People v. Porter*, 122 Ill. 2d 64, 74, 521 N.E.2d 1158, 1162 (1988)). "This is a low threshold and a defendant need only present a limited

amount of detail in the petition." *Id.* At the first stage, a defendant need not make legal arguments or cite to legal authority. *Id.* (citing *Porter*, 122 Ill. 2d at 74). "The Act provides that the petition must be supported by 'affidavits, records, or other evidence supporting its allegations' or the petition 'shall state why the same are not attached.' " *Id.* (quoting 725 ILCS 5/122-2 (West 1992)). We review a first-stage summary dismissal of a postconviction petition *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394.

¶ 23        A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance under *Strickland*, a defendant must show both that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." *Hodges*, 234 Ill. 2d at 17 (quoting *Strickland*, 466 U.S. at 687-88). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Id.*

¶ 24        In order to establish the second prong of *Strickland*,

    " '[a] defendant establishes prejudice by showing that, but for
    counsel's unprofessional errors, there is a reasonable probability
    that the result of the proceeding would have been different.'
    [Citation.] A 'reasonable probability' has been defined as a
    probability that would be sufficient to undermine confidence in the
    outcome of the trial. [Citation.] 'A defendant must satisfy both
    prongs of the *Strickland* test and a failure to satisfy any one of the

prongs precludes a finding of ineffectiveness.' [Citation.]". *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 11, 93 N.E.3d 664.

¶ 25    The Supreme Court of Illinois in *People v. Hale*, 2013 IL 113140, ¶ 21, 996 N.E.2d 607, applied the United States Supreme Court decisions in *Missouri v. Frye*, 566 U.S.134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012) to a case in which the defendant claimed he was prejudiced by plea counsel's allegedly erroneous advice regarding sentencing and wrote the following:

> "[B]oth this court in [*People v. Curry*, 178 Ill. 2d 509, 687 N.E.2d
> 877 (1997)] and the United States Supreme Court in *Frye* and
> *Cooper* agree that, in order to establish the prejudice prong of
> *Strickland*, a defendant must show that he would have accepted the
> State's plea offer had counsel's performance not been deficient."

The Illinois Supreme Court rejected the defendant's claim in *Hale*, noting that the "defendant clearly and expressly, on many occasions, professed his innocence and indicated a *desire* for trial." (Emphasis in original.)  *Hale*, 2013 IL 113140, ¶ 26.

¶ 26    Here, defendant argues the trial court erred where it summarily dismissed his *pro se* postconviction petition at the first stage given his petition stated the gist of a constitutional claim that his trial counsel was ineffective for erroneously advising him that he would have to serve 50% of his sentence if convicted of any of the charged offenses, when he would actually have to serve 85% of his sentence, and that as a result of his counsel's erroneous advice, he did not accept the State's plea offer.  In his affidavit attached to his *pro se* postconviction petition, defendant stated,

"From my arraignment on through all other court proceedings up to sentencing I was not made aware that 85% of the sentence of any of the three counts against [me] would have to be served if I was found guilty. Had I known I was facing 85% on any of the charges against me, I might have taken the plea bargain."

¶ 27 We find defendant cannot show prejudice where he claimed he "might have taken the plea bargain." Our case is analogous to *Thomas*, 2017 IL App (4th) 150815, ¶ 21. In *Thomas*, this court stated the following:

"The second reason defendant cannot show prejudice is defendant claims he 'might have' taken the deal, not that he would have taken the deal. To succeed on a claim of ineffective assistance of counsel, defendant has to show a probability sufficient to undermine the confidence in the outcome of the trial. [Citation.] His wavering statement in his letter to the trial court fails to show a reasonable probability existed, if given the 21-year plea deal at 50%, defendant would not have proceeded to trial. If the noncommittal statement 'might have' satisfies the prejudice prong under *Strickland*, it would completely dismantle the nature of the proof required to show prejudice in guilty pleas, as many defendants would claim they might have taken the plea deal if the sentence after trial proved to be harsher than the plea offered. However, the standard is 'a probability sufficient to undermine confidence in the outcome' of the trial, and defendant's

lackadaisical assertion is clearly insufficient to undermine the

confidence in the outcome of the trial.  [Citation.]  As such

counsel's performance at trial was not constitutionally ineffective."

*Id.*

¶ 28        Because defendant asserted that he "might have taken the plea bargain[,]" we find

defendant cannot satisfy the prejudice prong under *Strickland*.  As in *Thomas*, defendant's

assertion in this case is clearly insufficient to undermine the confidence in the outcome of the

trial.  We find defendant fails to assert an adequate claim for ineffective assistance of counsel in

his postconviction petition.  Therefore, the trial court's summary dismissal of defendant's

postconviction petition at the first stage was proper.  See *Hodges*, 234 Ill. 2d at 17.

¶ 29                                III. CONCLUSION

¶ 30        For the reasons stated, we affirm the trial court's judgment.

¶ 31        Affirmed.